FILED

⌐ ⌐

⌐N⌐ 2006

⌐⌐⌐ ⌐⌐ ⌐ ⌐⌐ DISTRICT COURT
⌐ ⌐⌐⌐ICT OF NEVADA

_____DEPUTY

1  DANIEL G. BOGDEN
   United States Attorney
2  PAMELA A. MARTIN
   Assistant United States Attorney
3  333 Las Vegas Blvd., South, Ste. 5000
   Las Vegas, Nevada 89101
4  (702)388-6336 / Fax: (702)388-6698

5

6  # UNITED STATES DISTRICT COURT

   ## DISTRICT OF NEVADA
7
   *-oOo-*
8

9  UNITED STATES OF AMERICA                    )
                                               )
10             Plaintiff,                       )    CR-S-04-146-PMP(RJJ)
                                               )
11     vs                                       )    **PLEA MEMORANDUM**
                                               )
12                                              )
   **CHRISTIAN WATTS,**                         )
13                                              )
               Defendant.                       )
14 _____)

15     The United States, by and through DANIEL G. BOGDEN, United States Attorney,

16  and PAMELA A. MARTIN, Assistant United States Attorney, CHRISTIAN WATTS,

17  ("Defendant") and Defendant's attorney, JOSEPH SCISCENTO, submit this plea memorandum.

18                                     **I.**

19                           **PLEA AGREEMENT**

20     The United States and Defendant have reached the following plea agreement, which

21  is not binding on the court:

22  **A.   The Plea**

23     Defendant will plead guilty to a superceding information, charging Possession of

24  Ecstacy in violation of Title 21, United States Code, Section 844(a).

25  ...

26  ...

**B.     Additional Charges**

The United States Attorney's Office for the District of Nevada ("United States") will bring no additional charge or charges against Defendant arising out of the investigation in the District of Nevada which culminated in this Plea Memorandum.

**C.     Sentencing Guideline Calculations**

Defendant understands that the court is required to consider United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") among other factors in determining Defendant's sentence.  Defendant understands that the Sentencing Guidelines are advisory, and that after considering the Sentencing Guidelines, the court may be free to exercise its discretion to impose any reasonable sentence up to the maximum set by statute for the crimes of conviction.

The parties agree to the following calculations of the Sentencing Guidelines:

1.     Defendant and the United States agree and stipulate to the following applicable sentencing guideline factors:

| Base Offense Level [U.S.S.G. § §2D1.1]: | 26 |
| Three Level Acceptance Reduction | -  3 |
| Total Offense Level: | **23** |

2.     The parties agree that the base offense level reflects the readily provable amount of controlled substances (including relevant conduct) attributable to the Defendant.

3.     Pursuant to U.S.S.G. §3E1.1(a) the United States will recommend that Defendant receive a two-level adjustment for acceptance of responsibility unless Defendant (a) fails to make a complete factual basis for the guilty plea at the time it is entered; (b) is untruthful with the Court or probation officers; (c) denies involvement in the offense or provides conflicting statements regarding Defendant's involvement; (d) attempts to withdraw the guilty plea; (e) engages in criminal conduct; (f) fails to appear in court; or (g) violates the conditions of pretrial release.

4.   Defendant's Criminal History Category will be determined by the court

pursuant to Chapter Four of the U.S.S.G.

**D.   Other Sentencing Matters**

1.   ~~Both parties~~ *The government* will recommend that the Defendant be sentenced to 12 months imprisonment, unless the Defendant ~~commits any of the acts that could result in a loss of the~~ *reserves the right to argue the imposition* ~~downward adjustment for acceptance of responsibility.~~ *of any imprisonment time. PM.*

2.   The parties agree that the Guideline calculations are based on information now known and could change upon investigation by the United States Probation Office.  It is possible that factors unknown or unforeseen by the parties to the plea agreement may be considered in determining the offense level, specific offense characteristics, and other related factors.  In that event, Defendant will not withdraw Defendant's plea of guilty.

3.   The stipulations in this agreement do not bind either the United States Probation Office or the court.  Both Defendant and the United States are free to: (a) supplement the facts by supplying relevant information to the United States Probation Office and the court, and (b) correct any and all factual misstatements relating to the calculation of the sentence.

**E.   Fines and Special Assessment**

1.   Defendant agrees that the court may impose a fine due and payable immediately upon sentencing.

2.   Defendant will pay the special assessment of $100 per count of conviction at the time of sentencing.

**F.   Waiver of Appeal**

In exchange for the concessions made by the United States in this plea agreement, Defendant knowingly and expressly waives the right to appeal any sentence that is imposed within or below the applicable Sentencing Guideline range as determined by the Court, further waives the right to appeal the manner in which that  sentence was determined on the grounds set forth in Title 18, United States Code, Section 3742, and further waives the right to appeal any other aspect of

3

1  the conviction or sentence, including any order of restitution.  Defendant reserves only the right to
2  appeal any portion of the sentence that is an upward departure or higher than the sentencing
3  guideline range determined by the court.

4  **G.   Additional Promises, Agreements, and Conditions**

5            1.        In exchange for the United States entering into this agreement, Defendant
6  agrees that (a) the facts set forth in Section IV of this Plea Agreement shall be admissible against
7  Defendant under Fed. R. Evidence. 801(d)(2)(A) in the following circumstances: (1) for any
8  purpose at sentencing; and (2) in any subsequent proceeding, including a trial in the event
9  Defendant does not plead guilty or withdraws Defendant's guilty plea, to impeach or rebut any
10 evidence, argument or representation offered by or on Defendant's behalf; and (b) Defendant
11 expressly waives any and all rights under Fed. R. Criminal P. 11(f) and Fed. R. Evid. 410 with
12 regard to the facts set forth in Section IV of the Plea Agreement to the extent set forth above.

13           2.        The parties agree that no promises, agreements, and conditions have been
14 entered into other than those set forth in this plea memorandum, and not will be entered into unless
15 in writing and signed by all parties.

16 **H.   Limitations**

17           This Plea Agreement is limited to the United States Attorney's Office for the
18 District of Nevada and cannot bind any other federal, state or local prosecuting, administrative, or
19 regulatory authority.  However, this Plea Memorandum does not prohibit the United States through
20 any agency thereof, the United States Attorney's office for the District of Nevada, or any third
21 party from initiating or prosecuting any civil proceeding directly or indirectly involving Defendant,
22 including but not limited to, proceedings under the False Claims Act relating to potential civil
23 monetary liability or by the Internal Revenue Service relating to potential tax liability.

24                                              **II.**

25                                          **PENALTY**

26

1.      The maximum penalty for this offense is Title 21, United States Code, Sections 844(a) is not more than one year imprisonment, a fine of not more than $1,000, or both.

2.      Defendant is subject to supervised release for a term not exceeding one (1) years.   Supervised release is a period of time following imprisonment during which Defendant will be subject to various restrictions and requirements.  Defendant understands that if Defendant violates one or more of the conditions of any supervised release imposed, Defendant may be returned to prison for all or part of the term of supervised release, which could result in Defendant serving a total term of imprisonment greater than the statutory maximum stated above.

3.      Defendant must pay a special assessment of one-hundred ($100) for each count of conviction.

4.      Defendant is required to pay for the costs of  imprisonment, probation, and supervised release, unless Defendant establishes that Defendant does not have the ability to pay such costs, in which case the court may impose an alternative sanction such as community service.

## III.

## ELEMENTS

*ecstacy MDMA*

The essential elements for the crime of Possession of ~~Cocaine~~, Title 21, United States Code, Sections 844(a) are the following:

A.      The defendant knowingly possessed ecstacy; and

B.      the defendant knew it was ecstacy or some other prohibited drug.

## IV.

## FACTS THAT SUPPORT GUILTY PLEA

1.      Defendant is pleading guilty because Defendant is  guilty of the charged offense.

2.      In pleading to the offense, Defendant acknowledges that if Defendant elected to go to trial instead of entering this plea, the United States could prove facts sufficient to establish  Defendant's guilt beyond a reasonable doubt.

5

3.      Defendant specifically admits and declares under penalty of perjury that all of the facts set forth below are true and correct:

On or about December 27, 2002, Christian Watts knowingly possessed 1000 tablets of ecstacy.  This occurred in the state and federal district of Nevada.

## V.

### ACKNOWLEDGMENT

1.      Defendant, acknowledges by Defendant's signature below that Defendant has read this Memorandum of Plea Agreement, that Defendant understands the terms and conditions, and the factual basis set forth herein, that Defendant has discussed these matters with Defendant's attorney, and that the matters set forth in this memorandum, including the facts set forth in Part IV above are true and correct.

2.      Defendant acknowledges that Defendant has been advised, and understands, that by entering a plea of guilty Defendant is waiving, that is, giving up, certain rights guaranteed to Defendant by law and by the Constitution of the United States.  Specifically, Defendant is giving up:

a.      The right to proceed to trial by jury on the original charges, or to a trial by a judge if Defendant and the United States both agree;

b.      The right to confront the witnesses against Defendant at such a trial, and to cross-examine them;

c.      The right to remain silent at such trial, with such silence not to be used against Defendant in any way;

d.      The right, should Defendant so choose, to testify in Defendant's own behalf at such a trial;

e.      The right to compel witnesses to appear at such a trial, and to testify in Defendant's behalf; and,

f.     The right to have the assistance of an attorney at all stages of such proceedings.

3.     Defendant, Defendant's attorney, and the attorney for the United States acknowledge that this Plea Memorandum contains the entire agreement negotiated and agreed to by and between the parties, and that no other promise has been made or implied by either Defendant, Defendant's attorney, or the attorney for the United States.

DANIEL G. BOGDEN
United States Attorney


_____
PAMELA A. MARTIN
Assistant United States Attorney


6/14/06
_____
DATED


6/7/06
_____
DATED

_____
CHRISTIAN WATTS
Defendant


6/6/06
_____
DATED

_____
JOSEPH SCISCENTO
Counsel for Defendant

7