**MOT**
EDUARDO P. CHACON, ESQ.
Nevada Bar No. 8020
EDUARDO P. CHACON & ASSOCIATES, LTD.
1201 S. Maryland Parkway
Las Vegas, Nevada 89104
702-868-3396 Phone
702-868-0380 Fax
Attorneys for Defendant

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

*****

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | Case Number: 2:04-CR-146-RJJ |
| vs. | Dept Number: |
| CHRISTIAN WATTS | Hearing Date: |
| Defendant. | Hearing Time: |

### MOTION TO TERMINATE SUPERVISED RELEASE

**COMES NOW** Defendant, **CHRISTIAN WATTS,** by and through his counsel, **EDUARDO P. CHACON, ESQ.**, and hereby respectfully submits this Motion to Terminate Supervised Release.

This Motion is based upon all pleadings and papers on file herein, and the attached Memorandum of Points and Authorities.

**DATED** this 3rd day of June, 2009.

/s/
EDUARDO P. CHACON, ESQ.
Nevada Bar No. 8020
EDUARDO P. CHACON & ASSOCIATES, LTD.
1201 S. Maryland Parkway
Las Vegas, Nevada 89104

**MEMORANDUM OF POINTS AND AUTHORITIES**

On December 4, 2006, the defendant CHRISTIAN WATTS (WATTS) was sentenced to 3 months house arrest, 36 months probation for committing the offense of Possession of a Controlled Substance. A 3 year term of supervised release was imposed by the Court. On December 4, 2006, WATTS began serving his term of supervised release.

Since being on supervised release WATTS has been compliant with all terms imposed. WATTS has met all of his financial obligations and has been successful in all drug treatment programs. Through out the course of his supervised release WATTS has never tested positive for drugs nor alcohol abuse. WATTS is currently on the lowest risk level of supervised release defendants. WATTS now asks this Honorable Court to terminate the remaining term of his supervised released based on his good faith compliance.

**LEGAL ARGUMENT**

Pursuant to Federal Rules of Criminal Procedure, Rule 32.1, a sentence of probation or supervised release may be modified through a court hearing. Rule 32.1 states in pertinent part:

(c) Modification.

    (1) In General. Before modifying the conditions of probation or supervised release, the court must hold a hearing, at which the person has the right to counsel and an opportunity to make a statement and present any information in mitigation.

    (2) Exceptions. A hearing is not required if:

        (a) the person waives the hearing; or
        (b) the relief sought is favorable to the person and does not extend the term of probation or of supervised release; and

(c) an attorney for the government has received notice of the relief sought, has had a reasonable opportunity to object, and has not done so.

Since beginning his term of supervised release, WATTS has been compliant with all terms of his release. WATTS has met all financial obligations and has been successful in all other terms including drug treatment. Further WATTS' psychologist and counselor, Dr. Robert Hunter, believes that termination of supervised release would be in WATTS' best interest. This endorsement is based upon WATTS' success thus far. Based on the foregoing, WATTS seeks this court's permission to terminate the remaining term of his supervised release.

## CONCLUSION

Pursuant to Federal Rule of Criminal Procedure, 32.1, and based on the foregoing representations, WATTS respectfully requests this Honorable Court grant his Motion for Termination of Supervised Release.

**DATED** this 3rd day of June, 2009.

/s/
EDUARDO P. CHACON, ESQ.
Nevada Bar No. 8020
EDUARDO P. CHACON & ASSOCIATES, LTD.
1201 S. Maryland Parkway
Las Vegas, Nevada 89104

-3-